**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| | §   **CASE NUMBER 1:23-CR-46** |
| **v.** | § |
| | § |
| | § |
| | § |
| **NAOMI ANN PEREZ** | § |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed April 19, 2023, alleging that the Defendant, Naomi Ann Perez, violated her conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

## I.  The Original Conviction and Sentence

Perez was originally sentenced on April 7, 2015, before The Honorable Alia Moses of the Western District of Texas, Del Rio Division, after pleading guilty to the offense of Conspiracy to Transport Illegal Aliens, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of II, was 27 to 33 months.  Perez was subsequently sentenced below the advisory guideline range, to 24 months' imprisonment, followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to

-1-

include alcohol abstinence; participation in a GED program; 6 months in a residential facility, Crosspoint, Inc.; 300 hours of community service; and $100 special assessment.

## II.  The Period of Supervision

On April 7, 2016, Perez completed her period of imprisonment and began serving of the initial supervision term in this case.  On December 1, 2017, jurisdiction in this case was transferred from the Del Rio Division to the San Antonio Division of the Western District of Texas and assigned to Chief U.S. District Judge Orlando L. Garcia. On July 12, 2019, the original term of supervised release was revoked and Perez was sentenced to 12 months' imprisonment, to be served consecutively with any sentence imposed in SA-17-CR-603(1)-OLG; to be followed by an additional 24 month term of supervised release.  The new term of supervised release was subject to the mandatory and standard conditions of supervision that have been adopted by the court and was ordered to run concurrently with any term of supervised release imposed in SA-17-CR-603(1)-OLG. On September 1, 2022, Naomi Perez completed her imprisonment sentence and began the new term of supervised release.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising six allegations.  The petition alleges that Perez violated the following conditions of release:

Allegation 1. The defendant must report to the probation officer as instructed.

Allegation 2. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

Allegation 3. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

<u>Allegation 4.</u> The defendant shall submit to an evaluation for substance abuse treatment or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol addiction or drug and alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

<u>Allegation 5.</u> The defendant shall not unlawfully possess a controlled substance.

<u>Allegation 6.</u> The defendant shall abstain from use of alcohol and all other intoxicants during the term of refrain from the use of controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

## IV. Proceedings

On May 23, 2023, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first allegation that claimed she failed to report to her probation officer as directed. In return, the parties agreed that Perez should serve a term of six (6) months' imprisonment, with no supervised release to follow. The Defendant's agreed upon revocation sentence shall run concurrently with the six month revocation imprisonment sentence imposed in 1:23-CR-45.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to report to her probation officer as directed, the Defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of II, the policy statement imprisonment range is 6 to 12  months.

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that she violated a standard condition of release that she failed to report to her probation officer as directed.  Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender

Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e).  The Defendant's violation is a Grade C violation, and the criminal history category is II.  The policy statement range in the Guidelines Manual is 6 to 12 months.  The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation.  The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of six months, with no supervised release to follow.  The Defendant's agreed upon revocation sentence shall run concurrently with the six month revocation imprisonment sentence imposed in case number 1:23-CR-45.

### VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that she violated a standard condition of release by failing to report to her probation officer as directed.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of six months' imprisonment, with no supervised release to follow.  The sentence shall run concurrently with the six months revocation imprisonment sentence imposed in 1:23-CR-45.  The Defendant requested to serve her prison term at the Federal Correctional Institution in Bryan, Texas.  The Defendant's request should be accommodated, if possible.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived her right to be present and speak and have her counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

SIGNED this 1st day of June, 2023.

Zack Hawthorn
United States Magistrate Judge